Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000130
27-JAN-2011
03:09 PM

NO. CAAP-10-0000130

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RICHARD M. LEVINSKY, Plaintiff-Appellee,
v.
JONATHAN MCGEE, individually and as agent for
RAW PARADISE SANCTUARY CORPORATION,
Defendant-Appellant,
and
SUSAN MCGEE, individually and as agent and officer of
RAW PARADISE SANCTUARY CORPORATION and
RAW PARADISE SANCTUARY CORPORATION,
Defendants-Appellees.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 08-1-170)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that this court does not have jurisdiction over Defendant-Appellant Jonathan McGee's (Appellant Jonathan McGee) appeal from the Honorable Glenn S. Hara's October 25, 2010 Order Denying Defendant Jonathan McGee's Motion for Legal Counsel (the October 25, 2010 interlocutory order), because the October 25, 2010 interlocutory order is not independently appealable, and the circuit court has not yet entered an appealable final judgment pursuant to Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2009) authorizes appeals to the intermediate court of appeals only from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i holds "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). The record on appeal for Appeal No. CAAP-10-0000130 was filed on January 3, 2011, and the circuit court has not yet entered a separate judgment in this case. Absent a separate judgment, the October 25, 2010 interlocutory order is not eligible for appellate review.

Although exceptions to the final judgment requirement exist under Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, or HRS § 641-1(b), the October 25, 2010 interlocutory order does not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, and HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an

2

appeal from an interlocutory order). With respect to the Forgay and collateral order doctrines, we note in particular that the October 25, 2010 interlocutory order does not subject a party such as Appellant Jonathan McGee to irreparable injury that is effectively unreviewable on appeal from a final judgment. Cf. Norton v. Admin. Dir. of the Court, State of Haw., 80 Hawai'i 197, 200, 908 P.2d 545, 549 (1996) ("The sixth amendment right to counsel applies only to criminal proceedings." (Citation omitted)). We additionally note that the circuit court did not certify the October 25, 2010 interlocutory order for an interlocutory appeal pursuant to HRS § 641-1(b). Therefore, the October 25, 2010 interlocutory order is not an appealable order.

Absent an appealable separate judgment, Appellant Jonathan McGee's appeal is premature, and we lack appellate jurisdiction over Appeal No. CAAP-10-0000130.

Accordingly, IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, January 27, 2011.

Chief Judge

Associate Judge

Associate Judge

3